People v Mineccia (2020 NY Slip Op 04028)





People v Mineccia


2020 NY Slip Op 04028


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


344 KA 19-00264

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMENIC MINECCIA, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Douglas A. Randall, J.), dated January 11, 2019. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree, tampering with physical evidence and endangering the welfare of a child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the facts, the motion is granted, the judgment of conviction is vacated, and a new trial is granted.
Memorandum: Defendant was convicted after a bench trial by County Court (Ciaccio, J. [hereafter, trial court]) of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant thereafter moved to vacate that judgment pursuant to CPL 440.10. The motion was denied, after a hearing, by County Court (Randall, J. [hereafter, motion court]). Defendant now appeals, by permission of a Justice of this Court, from the motion court's order. We reverse.
The evidence at the hearing established that the prosecutor who appeared for over six months on the People's behalf during the preliminary proceedings in this case was subsequently appointed to serve as the trial court's confidential law clerk. When the law clerk brought that conflict to the trial court's attention, the trial court appropriately screened the law clerk off from any participation in this case. When defendant sought to waive his right to a jury trial and to be tried by the court alone, however, the trial court—which had recognized the conflict and had already taken steps to mitigate it—failed to inform defendant that its law clerk had previously prosecuted defendant in this case. Moreover, although defense counsel was aware of the law clerk's prior role as prosecutor, it is undisputed that defense counsel failed to inform defendant of that fact. Defense counsel subsequently admitted that, had he recalled the fact that the prosecutor had become the trial court's law clerk, he would have advised defendant to retain his right to a jury trial. Additionally, defendant testified at the posttrial hearing that he would not have waived his right to a jury trial had he been aware of the fact that his former prosecutor was now serving as the trial court's law clerk. Contrary to the motion court's determination, defendant's testimony in that regard was not incredible. Indeed, defendant identified rational, case-specific reasons why he distrusted the fairness of the law clerk.
Under the unique circumstances of this case, we conclude that defendant's waiver of his right to a jury trial, which was made when he was the only participant in the waiver proceeding who was ignorant of the fact that his former prosecutor had become the trial judge's legal advisor, was not tendered "knowingly and understandingly" and was not "based on an intelligent, [*2]informed judgment" (People v Davis, 49 NY2d 114, 119 [1979]; see generally People v Peque, 22 NY3d 168, 198 [2013], cert denied 574 US 840 [2014], citing People v Gravino, 14 NY3d 546, 559 [2010]). We therefore reverse the order, grant the motion, vacate the judgment of conviction, and grant defendant a new trial.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court